763 P.2d 368

**Tito N. CORDOVA,**
**Petitioner–Appellant,**

v.

**Frank A. MULHOLLAND, Director, Motor Vehicle Division, State of New Mexico Transportation Department, Respondent–Appellee.**

**No. 10668.**

Court of Appeals of New Mexico.

Aug. 9, 1988.

Certiorari Denied Sept. 12, 1988.

Chris Lackmann, Albuquerque, for petitioner-appellant.

Wanda Wilkinson, Staff Atty., Dept. of Transp., Santa Fe, for respondent-appellee.

**OPINION**

DONNELLY, Chief Judge.

Petitioner appeals from an order of the district court affirming an administrative order revoking his driver's license pursuant to the New Mexico Implied Consent Act, NMSA 1978, Sections 66–8–105 to –112 (Repl.Pamp.1987). The second calendar notice proposed summary affirmance. Petitioner has responded with a timely memorandum in opposition. We are not persuaded by his memorandum, and affirm.

Petitioner was arrested for driving while under the influence of intoxicating liquor, in violation of NMSA 1978, Section 66–8–102 (Repl.Pamp.1987). He refused to submit to a chemical test to determine the alcohol content of his breath or blood. Pursuant to Section 66–8–111, the director of the Motor Vehicle Division of the New Mexico Transportation Department revoked petitioner's driver's license for a period of one year. Petitioner protested the revocation and the division held an administrative hearing at which petitioner argued in opposition to the division's action. Following the hearing, the hearing officer upheld the revocation of petitioner's license, and petitioner appealed to the district court of Bernalillo County. The district court affirmed the hearing officer's decision and this appeal ensued.

Petitioner argues that an arrest for driving under the influence in violation of Section 66–8–102 does not trigger the provisions of the Implied Consent Act. He maintains that the Implied Consent Act requires both reasonable grounds to believe that a driver has been driving under the influence, and an arrest, before the driver's license may properly be revoked. Petitioner also contends that the requisite arrest must be for an offense different than driving under the influence. *See* Section 66–8–102. He reaches this conclusion by reasoning that the Act assumes that an arrest will be based on probable cause, and that there would have been no need for the legislature to require both an arrest and reasonable grounds, unless the legislature intended that the arrest must be for an offense other than driving under the influ-

ence. Petitioner contends that, under the Act, a driver's license may be revoked only if the arresting officer has reasonable grounds to believe the driver was driving under the influence, and the driver was arrested for a different offense. We disagree.

Section 66–8–111(B) mandates that the director of the Motor Vehicle Division revoke a driver's license upon receipt of a statement signed by a law enforcement officer, stating that the officer had reasonable grounds to believe that the driver was driving a motor vehicle within New Mexico while under the influence of intoxicating liquor or a controlled substance. The driver must also have been arrested. The statutory requirements for existence of both reasonable grounds to believe that the driver was driving under the influence and requiring his arrest are not mutually exclusive, but are complementary. § 66–8–102. Reasonable grounds alone are not sufficient to support a revocation. The officer must also arrest the driver, based on reasonable grounds as specified in Section 66–8–111(B). Similarly, an arrest alone is not sufficient.

Petitioner argues that the language of the Implied Consent Act is clear, and that the courts may not interpret the statute contrary to its plain meaning. We agree that the language is clear, but disagree with petitioner's interpretation. The Implied Consent Act requires that a driver's license shall be revoked when: (1) a driver is arrested in this state for an offense enumerated in the Motor Vehicle Code, NMSA 1978, Sections 66–1–1 to 66–8–137.1 (Repl.Pamp.1984, Cum.Supp.1987 & Repl. Pamp.1987); (2) the arresting officer has reasonable grounds to believe the driver was driving under the influence; and (3) the driver refuses to take a breath or blood alcohol test after he or she has been advised of the consequences of refusal. *See* § 66–8–111. This language includes arrests for driving under the influence contrary to Section 66–8–102, as well as other violations of the Motor Vehicle Code. Petitioner's interpretation of the Implied Consent Act would do violence both to the express language of the Act and to its

purpose. The purpose of the Act is to deter individuals from driving while under the influence and endangering the lives and property of others. We decline to adopt the narrow and restrictive interpretation urged by petitioner and, instead, apply the clear language of the Act upholding the validity of the revocation of petitioner's license.

The decision of the trial court is affirmed.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.